**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0375-16T4

STATE OF NEW JERSEY,

       Plaintiff-Respondent,

v.

TAMASA T. NOBLES,

       Defendant-Appellant.

_____

       Submitted July 9, 2018 — Decided July 19, 2018

       Before Judges Yannotti and Haas.

       On appeal from Superior Court of New Jersey,
       Law Division, Atlantic County, Indictment No.
       13-05-1391.

       Joseph E. Krakora, Public Defender, attorney
       for appellant (Anderson D. Harkov, Designated
       Counsel, on the brief).

       Gurbir S. Grewal, Attorney General, attorney
       for respondent (John J. Santoliquido, Special
       Deputy Attorney General, of counsel and on the
       brief).

PER CURIAM

Defendant Tamasa T. Nobles appeals from the August 29, 2016 Law Division order denying her petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

According to Kedron Henry, who was defendant's neighbor and an eyewitness to the event, defendant stabbed and killed her former boyfriend, Devon Devine, following an argument in Henry's apartment. Henry told the police he frequently heard defendant and Devine arguing, and that Devine had hit defendant on prior occasions. However, Devine had recently moved out of defendant's apartment.

On December 2, 2012, Devine was visiting Henry in his apartment. As they were talking, defendant came in and asked Devine to return his key to her apartment. Devine denied having the key and the former couple began to argue. Defendant then went into Henry's kitchen, picked up a knife, and began to brandish it at Devine. Henry grabbed her and told her to give him the knife. She did so, and Henry put the knife back in the kitchen.

Defendant began wrestling with Devine in the other room. After defendant "broke a pair of ear phones that belonged to" Devine, he punched her in the leg, and defendant left the apartment. Henry and defendant waited a few minutes and then went outside, where they found defendant waiting for them with "one

hand tucked in front of her body." Devine and Henry retreated into Henry's apartment, and defendant followed them inside.

Henry saw that defendant was carrying another knife and he attempted to restrain her. He yelled to Devine to "flee the residence[,]" and Devine went down the front stairwell. Henry held on to defendant and, thinking Devine had gotten out the front door, released his grip on her. Defendant went down the stairwell, and Henry pursued her. As he did, Henry saw that Devine had not yet left the apartment, and was standing by the front door. At that point, defendant stabbed Devine once in the chest and he later died as the result of the wound. When the police arrived at the scene, they found "no fresh bruises" on defendant, or any "marks on her face indicating she had been hit[.]"

Based upon this evidence, a grand jury returned a three-count indictment charging defendant with first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2) (count one); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count two); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count three).

In preparation for trial, defendant's attorney retained an expert psychologist to evaluate defendant and prepare a report to assist the attorney in determining whether defendant could present evidence that she was the victim of Battered Women's Syndrome. As

our Supreme Court has explained, "Battered Women's Syndrome is recognized as 'a collection of common behavioral and psychological characteristics exhibited in women who repeatedly are physically and emotionally abused over a prolonged length of time by the dominant male figure in their lives.'" State v. Hess, 207 N.J. 123, 149 (2011) (quoting State v. B.H., 183 N.J. 171, 182 (2005)). "Evidence of the syndrome is admissible, typically in self-defense cases, to 'explain conduct exhibited by battered women toward their abusers'" and to "help[] our understanding of 'why a woman remains in an abusive relationship' and why an 'abused woman may have become conditioned into believing that she is powerless to escape from the abuse.'" Ibid. (quoting B.H., 183 N.J. at 183).

The psychologist prepared a written report which the attorney reviewed with defendant on a number of occasions. While the psychologist opined that defendant suffered from a combination of "Posttraumatic Stress Disorder and Persistent Depressive Disorder[,]" she could only state that this condition was "sufficient to have potentially negated at least one mental element of the charged crime, the purposeful intent to cause . . . Devine's death." (Emphasis added). The psychologist also stated that the prior domestic violence defendant suffered in the relationship "may have contributed to her formation of an honest, reasonable belief that she had to defend herself against further episodes of

violence with deadly force[.]" (Emphasis added). Thus, the psychologist did not draw a definitive conclusion in her report.

At the pre-trial conference, defendant decided to plead "open" to an amended charge under count one of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(e), for which she faced the possibility of a thirty-year sentence. The judge indicated that the sentence he would impose would not exceed twenty-two years in prison, subject to the 85% parole ineligibility period required by the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2., and that counts two and three would be dismissed. See R. 3:9-3(c) (permitting the judge to accept a non-negotiated plea and indicate the maximum sentence he or she would impose, conditioned on review of the defendant's presentence report).

Before accepting the plea, the trial judge conducted a thorough voir dire of defendant and her understanding of the plea. Defendant acknowledged that her attorney had "explained" the expert's report to her and answered all of her questions about it. Defendant also stated that the attorney met with her "[t]oo many [times] to count" during the eighteen months she represented her.[1] Defendant then gave a factual basis for her guilty plea. Convinced by defendant's testimony that she was acting "knowingly and

---

[1] The attorney told the judge that she met with defendant "almost every week" during these eighteen months.

voluntarily, [and] with the advice of competent counsel," the judge accepted defendant's plea.

At sentencing, defendant's attorney used the expert's report to bolster her argument that mitigating factor four, N.J.S.A. 2C:44-1(b)(4), should be considered to reduce defendant's sentence because the prior domestic violence she suffered might "tend[] to excuse or justify [her] conduct, though failing to establish a defense[.]" Pointing to a written statement Henry gave to the police, the attorney also asserted that defendant acted "under a strong provocation" and, therefore, mitigating factor three, N.J.S.A. 2C:44-1(b)(3), should also be applied.[2]

In response to the attorney's arguments, the judge found both mitigating factors three and four, and, based upon his consideration of these and other relevant aggravating and mitigating factors, sentenced defendant to twenty years in prison, subject to NERA, on count one. This was two years less than the sentence the judge had indicated would be imposed prior to hearing and considering the attorney's contentions.

---

[2] In Point III of her brief, defendant alleges for the first time on appeal that her attorney failed to mention Henry's written statement at the sentencing hearing. However, this contention lacks factual support in the record because the attorney obviously raised and relied upon this statement in her arguments to the sentencing judge.

Defendant appealed her sentence. We heard the appeal on our Excessive Sentence Oral Argument calendar pursuant to Rule 2:9-11, and affirmed defendant's sentence.

Defendant later filed a petition for PCR contending, among other things, that the assistance her trial attorney provided was ineffective because the attorney failed to "pursue the battered wom[en's] syndrome" as a defense. Defendant also asserted her attorney did not adequately contest the application of certain aggravating factors at sentencing or raise appropriate mitigating factors.

In a thorough written opinion, Judge Damon G. Tyner considered both of these contentions and denied defendant's petition. The judge concluded that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different.

Judge Tyner determined that defendant's first contention was nothing more than a "baseless" attack on the strategy employed by her trial attorney. The judge found that other than defendant's "bald assertion" that a self-defense argument would have been successful, she "offer[ed] no evidence" to support this allegation. Instead, Henry told the police that defendant pursued

7

Devine twice with a knife before killing him as the victim was attempting to flee the apartment. Thus, there was "no valid claim for self-defense." Judge Tyner also noted that defendant's attorney retained an expert, reviewed the expert's report, and discussed the matter "numerous times" with defendant. Thus, the judge concluded "it [was] clear from the record . . . that trial counsel pursued the [Battered Women's Syndrome], but did not see it as a viable trial defense."

Turning to defendant's second argument, Judge Tyner found that defendant's attorney submitted a "lengthy brief prior to the sentencing date that outlined all of the aggravating and mitigating factors for the court." The attorney also reiterated these arguments at the sentencing hearing, and asked the court to impose an eight-year sentence based on the expert's report, Henry's statement to the police, and a host of other arguments. The attorney also presented two witnesses to speak on defendant's behalf. As a result of the attorney's efforts, the judge imposed a sentence that was two years less than he had originally indicated. Under these circumstances, the judge ruled that the attorney was clearly not ineffective.

Finally, the judge determined that an evidentiary hearing was not required because defendant failed to present a prima facie case of ineffective assistance of counsel. The judge also found

that "all of the facts [were] laid out in the briefs and transcripts submitted" and "[t]here [was] no evidence outside of the record that would be useful in resolving the issue at hand." This appeal followed.

On appeal, defendant raises the following contentions:

POINT ONE

THE PCR COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING.

POINT TWO

AS A RESULT OF TRIAL COUNSEL'S FAILURE TO ADEQUATELY EXPLAIN TO DEFENDANT THE BATTERED [WOMEN'S] SYNDROME AND ITS RELEVANCE TO A CLAIM OF SELF[-]DEFENSE, DEFENDANT DID NOT ENTER A KNOWING AND VOLUNTARY PLEA BECAUSE SHE LACKED A FULL UNDERSTANDING OF THE CONSEQUENCES OF HER GUILTY PLEA, THUS DEPRIVING HER OF HER CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

POINT THREE

THE PCR COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT A NEW SENTENCE HEARING AS A RESULT OF TRIAL COUNSEL'S FAILURE TO INCLUDE CRITICAL MITIGATING EVIDENCE IN HER SENTENCING BRIEF AND ORAL ARGUMENT: THE FORMAL STATEMENT OF KEDRON HENRY.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that

burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance. Preciose, 129 N.J. at 462.

There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, State v. Fritz, 105 N.J. 42, 52 (1987), the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. U.S. v. Cronic, 466 U.S. 648, 659 n.26 (1984).

Moreover, such acts or omissions of counsel must amount to more than mere tactical strategy. Strickland, 466 U.S. at 689. As the Supreme Court observed in Strickland,

> [a] fair assessment of attorney performance
> requires that every effort be made to
> eliminate the distorting effects of hindsight,

to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

[Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).]

Having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's PCR petition substantially for the reasons detailed at length in Judge Tyner's comprehensive written opinion. The judge's conclusion that defense counsel's handling of the expert report was sound, tactical strategy is firmly grounded in the record. The record also fully supports the judge's determination that the attorney effectively represented defendant at the sentencing hearing. Under these circumstances, the judge was not required to conduct an evidentiary hearing on defendant's PCR application. Preciose, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0375-16T4